**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILY NGUYEN, EMZORA MITCHELL AND FRANK ORTEGA, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>*Defendant*. | Case No. 1:24-cv-8289<br><br>Judge Manish S. Shah |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs Lily Nguyen, Emzora Mitchell, and Frank Ortega respectfully move the Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider its March 2, 2016 Order ("Order") granting Defendant's Motion to Dismiss Plaintiffs' Amended Complaint—violations of the Electronic Communications Privacy Act, 18 U.S.C. 2111(1), *et seq.* ("ECPA"), California's Invasion of Privacy Act, Cal. Penal Code Section 630, *et seq.* ("CIPA"), and Negligence—without leave to amend. *See* ECF 45.

## I. PRELIMINARY STATEMENT

This Motion raises one discrete issue: whether the Court committed clear error when it determined that Abbott's disclosure to Facebook—that Plaintiffs requested a free glucose monitoring device sensor and signed up for a diabetes education and support program—was too tenuous to support the inference that Defendant had violated ECPA and CIPA by disclosing Plaintiffs' individually identifiable health information.

Plaintiffs seek reconsideration under Rule 59(e) on the limited grounds that the Court erred by "substitut[ing] its own speculations" about whether the Plaintiffs' "story is probable" rather than "accept[ing] all well-pleaded facts as true and draw[ing] all reasonable inferences in [Plaintiffs'] favor" in "assessing only its plausibility." *Vasquez v. Ind. Univ. Health, Inc.*, 40 F.4th 582, 583 (7th Cir. 2022). Rather than assess the strength of the alleged inference, the Court should ask: "*could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original) ("For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences.").

Accordingly, Plaintiffs respectfully request that this Honorable Court reconsider its analysis of Plaintiff's ECPA, CIPA, and negligence claims and find that, because there is a plausible inference that the information disclosed by Abbott violated HIPAA, Defendant's motion to dismiss should be denied.

## II. <u>STANDARD OF LAW</u>

"Reconsideration is appropriate if [the Court makes] a manifest legal error. *WSP USA Inc. v. Nautilus Ins. Co.*, No. 19 CV 6731, 2024 U.S. Dist. LEXIS 159237, at *2 (N.D. Ill. May 20, 2024) (Shah, J.) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). A manifest legal error "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Baker v. Match Grp., Inc.*, No. 22 CV 6924, 2023 U.S. Dist. LEXIS 211133, at *1-2 (N.D. Ill. Nov. 28, 2023) (Shah, J.) (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

## III. <u>ARGUMENT</u>

Reconsideration is appropriate because the Court committed clear error in misapplying the standard for "what is required in a pleading." *Vasquez*, 40 F.4th at 576-87. The Court "need not

decide whether [Plaintiffs'] story is probable; [the Court is] only assessing its plausibility." *Id.* Here, while the Court ultimately found that the information disclosed by Abbott to Facebook was "too tenuous" to support an inference that Abbott violated HIPAA, the Court also admitted that, even though "the extent of that inference is limited because plaintiffs do not plausibly allege that the third parties received the specific substantive information typed or clicked into Abbott's website," crucially, Facebook "might infer plaintiffs' medical history or conditions from the fact that they subscribed to a free trial of the MyFreeStyle Program." *See* Order at 12 n.4, 15.

The Court's conclusion that the disclosed information shown in Figures 5-6 is not personally identifiable, HIPAA-protected information was improper because where, like here, Plaintiffs' allegations rest upon a plausible inference, this determination should be reserved for the finder of fact. *See* Order at 12, n. 4; FAC ¶¶ 111-113 (exhibits 5-6); *see also L.B. v. LinkedIn Corp.*, 2025 U.S. Dist. LEXIS 193980, at *17-23 (N.D. Cal. Sep. 30, 2025) (where the alleged disclosures are in the "middle of the spectrum" between public browsing and patient portal information, the "issue is not suitable for resolution in a motion to dismiss"). Analyzing whether it is "reasonable to infer that [the defendant] disclosed [specific] information" is "premature" at the motion to dismiss stage. *Manza v. Pesi, Inc.*, 784 F. Supp. 3d 1110, 1123 (W.D. Wis. 2025).[1]

[1] The information conveyed is also personally identifiable as it accompanied by Plaintiffs' Facebook IDs which courts in this district and throughout the country have found to be personally idenfiying. *See, e.g., A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 U.S. Dist. LEXIS 161090, at *3 (N.D. Ill. Sep. 9, 2024) ("unique Facebook IDs" personally identifying for IIHI purposes); *Dawson v. Univ. of Phoenix, Inc.*, No. 1:25-CV-03497, 2026 U.S. Dist. LEXIS 6299, at *8 (N.D. Ill. Jan. 13, 2026) (Facebook ID assigned only to one person is PII under the Video Privacy Protection Act, 18 U.S.C. § 2510, *et seq.*); *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1107 (9th Cir. 2014) (a "Facebook ID identifies a Facebook user"); *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 837 (E.D. Cal. 2025) (same); *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 973 (S.D. Cal. 2023) (same).

In their Amended Complaint, Plaintiffs allege specific disclosures made to Meta by Abbott's Tracking Tools, including that Plaintiffs: (1) Plaintiffs affirmatively clicked a button on the Website to start a "Free Trial" of the "FreeStyle Libre Continuous Glucose Monitoring" product FAC ¶ 113); (2) entered information into a form used to join the "MyFreeStyle" Program and then submitted the form, (FAC ¶ 124); and (3) printed a voucher to obtain a Freestyle Libre 3 sensor, (FAC ¶ 111). Plaintiffs also allege that they began receiving targeted advertisements on Facebook and Instagram related to diabetes monitoring and management, including ads for FreeStyle Libre products. *See* FAC ¶¶ 212, 235, & 258. Such information, disclosed to Facebook by Defendant, goes beyond mere record information and is, instead, the contents of Plaintiffs' communications regarding their personal health information through which Facebook was able to infer that Plaintiffs suffered from diabetes.

The Court relies upon *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022) for the proposition that information that third-parties infer from a user's interaction with a webpage is not "content." *See* Order at 15. But, unlike here, in *Hammerling* there was no information from which Facebook could have made an inference as to the content of plaintiffs' communications as Google only collected information regarding which mobile apps that a user accessed, not anything about a user's interaction with those apps. *See id.* at 1093 (the mere fact of plaintiff's use of fertility tracking app did not convey health information). Likewise, in *Smith v. Facebook, Inc.*, which the Court cites to support its conclusion that the information disclosed by Defendant to Facebook was too tenuous to support an inference that Defendant violated HIPAA, it would have been impossible to infer the contents of plaintiffs' communications from the mere browsing information alleged in that case. 745 Fed. App'x 8 (9th Cir. 2018) (finding that the URLs visited by Plaintiffs on publicly

available health-related websites insufficient to reveal their health information).[2] In these cases, a fact-finder could not have plausibly concluded disclosure of the content of a user's communications pursuant to the standard established in *In re Zynga Privacy Litigation*, 750 F.3d 1098 (9th Cir. 2014). *See id*. at 1106 (defining the "contents" of communications as "the intended message conveyed by the communication" as compared to "record information" which is only "information regarding the characteristics of the message").

As explained above, Plaintiffs here allege more than just record information. The FAC includes allegations of transmissions that convey content information: Figure 5 depicts a "SubscribedButtonClick" event showing that Plaintiffs interacted with the Website to print a voucher for a FreeStyle Libre 3 sensor after joining the "MyFreeStyle Program", and Figure 6 depicts another "SubscribedButtonClick" event showing that Plaintiffs started a "Free Trial" of a "FreeStyle Libre Continuous Glucose Monitoring" device. *Id*. at ¶¶ 111-113. These communications include more than just webpage URLs or the mere website that Plaintiffs visited. Rather, they show the specific actions taken by Plaintiffs—rendered personally identifiable by inclusion of Plaintiffs' Facebook ID—to sign up for the FreeStyle Program, request a free trial of the FreeStyle Libre 3 CGM, and print a voucher to obtain that CGM. These transmissions convey the intended message conveyed by Plaintiffs' communications: that they are seeking treatment for their diabetic medical condition.

Such information, unlawfully disclosed to Facebook, is more than capable of supporting an inference regarding Plaintiffs' personal health information. *See Gershzon v. Meta Platforms, Inc.*, 2023 U.S. Dist. LEXIS 147448, at *13 (N.D. Cal. Aug. 22, 2023) ("information showing that

---

[2] Moreover, the central issue the Ninth Circuit addressed in *Smith*, a case decided in 2018, was the users' having consented to Facebook's data tracking and collection practices.

[the plaintiff] communicated with the DMV in order to apply for a disability parking placard and later to check on the status of that application . . . is substantive and personal, as it shows that [the plaintiff] has a disability (or believes that he has a disability) and that he requires a disability parking placard"). In fact, while Plaintiffs only needed to show that the information disclosed could plausibly infer their health information, Plaintiffs allege that Facebook did make that inference as Plaintiffs "began receiving targeted ads on Facebook and Instagram related to diabetes monitoring and management" after using Defendant's Website to sign up for a free CGM device trial. *See* FAC ¶¶ 212, 235, 258. This is sufficient to find, as the Court itself noted in its Order, that Facebook might infer Plaintiffs' medical history or conditions, even if the inferences available to Facebook "in the instant case are less personal and concrete than those plaintiffs point to in *Cousin II*." *See* Order at 15 (citing to *Cousin v. Sharp Healthcare*, 702 F.Supp.3d 967 (S.D. Cal. 2023)).

Because it is plausible for Facebook to have inferred that Plaintiffs were suffering from and treating their diabetes, the Court should have denied Defendant's motion to dismiss and allowed a fact-finder to determine the strength of that inference. *See In re Text Messaging Antitrust Litig*., 630 F.3d 622, 628–29 (7th Cir. 2010) ("We need not decide whether the circumstantial evidence that we have summarized is sufficient to *compel* an inference of conspiracy; the case is just at the complaint stage and the test for whether to dismiss a case at that stage turns on the complaint's 'plausibility.'"); *see also Byrne v. United States,* 2002 U.S. Dist. LEXIS 4658, at *5 (N.D. Ill. Mar. 20, 2002) ("Drawing all inferences in Plaintiff's favor, the Court finds that a fact-finder could infer that there was actual or constructive notice."); *L.B.*, 2025 U.S. Dist. LEXIS 193980, at *17-23 (finding that where the alleged disclosures are in the "middle of the spectrum"

between public browsing and patient portal information, the "issue is not suitable for resolution in a motion to dismiss").

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court reconsider and amend its Order granting dismissal of Plaintiffs' claim for violation of the ECPA, CIPA, and negligence without leave to amend.

Date: March 30, 2026

Respectfully submitted,

/s/ *Matthew J. Langley*
Matthew J. Langley (ARDC No. 6337129)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
T: (312) 576-3024
matt@almeidalawgroup.com

Sonjay Singh (*pro hac vice*)
Tyler Bean (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
T: 929-677-5144
ssingh@sirillp.com
tbean@sirillp.com

*Attorneys for Plaintiffs & the Putative Classes*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on March 30, 2026, I filed the attached with the Clerk of the Court using the Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ Matthew J. Langley*
Matthew J. Langley