**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LILY NGUYEN, EMZORA MITCHELL and FRANK ORTEGA, on behalf of themselves and all others similar situated,

Plaintiffs,

v.

ABBOTT LABORATORIES INC.,

Defendant.

Case No. 1:24-cv-8289-MSS

**DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant Abbott Laboratories Inc. ("Abbott") submits its brief in opposition to Plaintiffs' Motion for Reconsideration (Dkt. 47) ("Motion" or "Mot.") filed by Lily Nguyen, Emzora Mitchell, and Frank Ortega ("Plaintiffs").

## I. INTRODUCTION

In its March 2, 2026 opinion and order (Dkt. 45) ("Order"), the Court correctly dismissed Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim, finding Plaintiffs had failed to plausibly allege a disclosure of identifiable health information underlying each of their claims. This dismissal with prejudice followed the Court's prior dismissal of Plaintiffs' Complaint on August 8, 2025 (Dkt. 32), which allowed Plaintiffs the opportunity to amend their Complaint

to address the pleading deficiencies. As the Court's Order confirmed, the allegations in Plaintiffs' FAC remained fatally deficient despite the opportunity for amendment.

Unwilling to accept the inevitability of dismissal, Plaintiffs now seek reconsideration of the Court's Order, arguing the Court purportedly committed a "manifest legal error" by determining Plaintiffs' allegations could not plausibly support a cause of action. As demonstrated below, Plaintiffs' Motion fails at every turn. First, the Court applied the correct pleading standard through a detailed two-tiered analysis, properly distinguishing information allegedly disclosed to Abbott from the categorically different data allegedly transmitted to third parties. Second, Plaintiffs contend that Meta or Google could have inferred their medical history from generic event data, but this argument misses the point entirely. Plaintiffs fail to recognize the critical issue was the lack of allegations showing the actual receipt of medical information, and their targeted advertising allegations do not bridge that gap. Third, the Court properly considered the screenshots in the FAC, which suggested that only generic metadata labels were transmitted to third parties, not protected health information. Fourth, every case Plaintiffs cite is materially distinguishable or undermines their position, including *Hammerling* and *Smith*, which in fact support the Court's reasoning. Finally, Plaintiffs' Motion impermissibly rehashes arguments this Court has already considered and rejected, in violation of Rule 59(e).

Plaintiffs cannot meet the heavy burden of showing the type of error warranting the "extraordinary relief" under Rule 59(e) and their Motion for Reconsideration must be denied.

## II. <u>LEGAL STANDARD</u>

"Granting a motion under Rule 59(e) is extraordinary relief, appropriate when a moving party clearly establishes that the court committed a manifest error—factual or legal—or that newly discovered evidence precluded entry of judgment." *Mitchell v. Costello Sury & Rooney, P.C.*, No.

25 CV 2801, 2026 WL 63700, at *1 (N.D. Ill. Jan. 8, 2026) (Shah, J.) (citing *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)) (citations omitted); *see also Anderson v. Holy See*, 934 F. Supp. 2d 954 (N.D. Ill. 2013), *aff'd sub nom. Anderson v. Cath. Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014) (noting "motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances."). A manifest error "is not demonstrated by the disappointment of the losing party," instead, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

"A motion for reconsideration does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Thornhill v. TransUnion,*_LLC, No. 23 CV 4352, 2025 WL 1088748, at *1 (N.D. Ill. Mar. 31, 2025), *appeal dismissed,* No. 25-1618, 2025 WL 2855759 (7th Cir. Sept. 8, 2025) (Shah, J.) (citing *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020)) (citations and internal quotations omitted). Because "[m]otions for reconsideration are disfavored… the movant bears 'a heavy burden' to show that reconsideration is appropriate." *St. Bernardine Med. Ctr. v. Health Care Serv. Corp.*, No. 24-CV-02906, 2025 WL 933804, at *2 (N.D. Ill. Mar. 27, 2025).

## III. ARGUMENT

Although Plaintiffs disagree with the Court's conclusion that they failed to plausibly plead a disclosure of sensitive health information to third parties, they present nothing to indicate the "wholesale disregard, misapplication, or failure to recognize controlling precedent" required to demonstrate clear error under Rule 59(e).

### A. The Court Applied the Proper Pleading Standard in Finding That the Allegations of Disclosure of Medical Information Were Implausible.

In both its August 2025 and March 2026 orders, this Court conducted a detailed two-tiered analysis of Plaintiffs' claims. The Court recognized that "there are two layers of data disclosure at issue. First, whether plaintiffs disclosed HIPAA-protected information to Abbott through their web activities. Then, whether Abbott 'knowingly' disclosed HIPAA-protected information to Meta or Google." Order at 9. The Court carefully addressed each layer in turn, ultimately concluding in its March 2026 Order that while Plaintiffs' web activities may plausibly have disclosed individually identifiable health information ***to Abbott***, "Plaintiffs have not, however, adequately pled the *second* layer of data disclosure: that Abbott knowingly disclosed protected information to Meta or Google." Order at 10. This critical distinction drove the Court's ruling: the screenshots embedded in the complaint established that the data actually transmitted to third parties was categorically different from the specific personal health information Plaintiffs allegedly provided to Abbott.

Against this backdrop, Plaintiffs boldly claim "the Court committed clear error in misapplying the standard for 'what is required in a pleading'" because it found their allegations to be implausible. Mot. at 2. A similar argument was rejected by this Court in *Fed. Trade Comm'n v. Walmart Inc.*, where, like here, plaintiff argued the Court "incorrectly held the amended complaint to a higher pleading standard." No. 1:22 CV 3372, 2024 WL 5054916, at *1 (N.D. Ill. Oct. 18, 2024) (Shah, J.). In an order denying plaintiff's motion for reconsideration, the Court acknowledged the applicable pleading standard, noting "no heightened plausibility requirement," and nevertheless concluded that no manifest error was made in ruling on the plausibility of plaintiff's allegations:

> But I don't agree that I manifestly misapplied these settled propositions when reviewing the amended complaint. I accepted the allegation that Walmart knew its money transfer services were used by fraudsters. But I concluded, and still do

> conclude, that knowledge about a specific telemarketing scheme is necessary and missing from the relevant portions of the amended complaint. The motion to reconsider is denied.

*Id*. (cleaned up).

Plaintiffs' motion conspicuously ignores the Court's two-tiered analysis. Like the *Walmart* plaintiffs, Plaintiffs here merely assert various iterations of the same futile argument that their allegations are indeed plausible.[1] But Plaintiffs' mere disagreement with the Court about the plausibility of their claims is not a proper basis for reconsideration under Rule 59(e). *See Terese F. v. Saul*, 396 F. Supp. 3d 793, 794 (N.D. Ill. 2019) ("[t]he power to reconsider a prior decision… is not a mechanism that allows a party… to express mere disagreement with a decision of the court, or to reprise or 'rehash' arguments that were rejected.") (citing *Goplin v. WeConnect, Inc.*, 893 F.3d 488 (7th Cir. 2018) and *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Brownlee v. Catholic Charities of Archdiocese of Chicago*, No. 16-cv-00665, 2022 WL 602535, at *19 (N.D. Ill. Mar. 1, 2022) ("A Court will not reconsider its decision simply because one party disagrees with the outcome.").

### B. Plaintiffs' Allegations Do Not Support an Inference That Third Parties Received Their Medical Information.

According to Plaintiffs, the Court "admitted" that third parties might infer medical history from Plaintiffs' free trial subscriptions, and the allegations that Plaintiffs received targeted advertising demonstrate that such inference is plausible. Mot. at 3, 6. This argument completely conflates the Court's finding. The Court explicitly found that any inference Meta could make about medical history "is limited because plaintiffs ***do not plausibly allege that the third parties received***

[1] *See, e.g.*, Mot. at 2 ("[T]here is a plausible inference that the information disclosed by Abbott violated HIPAA"); Mot. at 3 ("Plaintiffs' allegations rest upon a plausible inference"); Mot. at 6 ("[I]t is plausible for Facebook to have inferred that Plaintiffs were suffering from and treating their diabetes").

***the specific substantive information typed or clicked into Abbott's website***." (Order at 15) (emphasis added). In other words, the issue is not whether the third parties made an inference about the Plaintiffs' medical history, but rather whether the third parties received medical information. Any alleged "inference" that could have been made by Meta or Google about Plaintiffs' medical history was limited because the screenshots contained in Plaintiffs' own FAC demonstrate that neither Meta nor Google received any of the "specific substantive information typed or clicked into Abbott's website." (Order at 15). Thus, Plaintiffs' argument that medical history inferences led to targeted advertising does nothing to cure the fact that their own allegations demonstrate that no medical information was transmitted to third parties.

### C. The Court Properly Considered the Screenshots in Plaintiffs' FAC.

Plaintiffs attack the Court's conclusion that the disclosed information shown in Figures 5-6 of the FAC is not HIPAA-protected information, insisting again that their pleadings were plausible enough to withstand dismissal. Plaintiffs posit that because their allegations "rest upon a plausible inference, this determination should be reserved for the finder of fact" and is "pre-mature" at the motion to dismiss stage. Mot. at 3. This argument plainly fails, as it is well-settled that a court may properly consider the contents of the complaint—including the figures contained within[2]—to make a determination on the plausibility of a plaintiff's claims under Rule 12(b)(6). *See, e.g., Bogie v. Rosenberg*, 705 F.3d 603 (7th Cir. 2013) ("In considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim.'") (quoting *Hamilton v. O'Leary,* 976 F.2d 341, 343 (7th

[2] *See, e.g., Rand v. Eyemart Express, LLC*, No. 3:24-CV-621, 2025 WL 1519726, at *4 (N.D. Tex. May 27, 2025) appeal pending, No. 25-10784 (5th. Cir) (dismissing complaint where "the figures showing the metadata and identifying specifically what information is sent to Meta belie any conclusory statements that the prescription information is included, because it is notably absent from the data seen to be tracked there.")

Cir.1992) and *R.J.R. Services Inc. v. Aetna Casualty & Surety Co.,* 895 F.2d 279, 281 (7th Cir.1989)). This is exactly what the Court did: weighed Plaintiffs' descriptions of their experiences and the screenshots of website interactions to find that the allegations did not plausibly demonstrate that the individual-identifying and medical information Plaintiffs claimed they provided ***to Abbott*** was disclosed to any third parties.

Even the way Plaintiffs frame their interpretation of the Court's error misunderstands this point. Plaintiffs state:

> This Motion raises one discrete issue: whether the Court committed clear error when it determined that Abbott's disclosure to Facebook—that Plaintiffs requested a free glucose monitoring device sensor and signed up for a diabetes education and support program—was too tenuous to support the inference that Defendant had violated ECPA and CIPA by disclosing Plaintiffs' individually identifiable health information.

Mot. at 1. This framing again misinterprets the Court's finding of what is plausible as to the alleged "disclosure" from Abbott to third parties. For example, the Court found that "while plaintiffs disclosed personal information like their date of birth and the fact that they were the ones signing up for the MyFreeStyle Program [to Abbott], neither of these datapoints were transmitted through third-party tracking tools." (Order at 11).[3] This analysis confirms that the Court properly evaluated the allegations surrounding disclosure wholistically, and found them implausible.

**D. Plaintiffs Offer No Authority Requiring Reconsideration in this Context.**

As an initial matter, none of the cases Plaintiffs rely on substantively were evaluated in the reconsideration context. Additionally, all of the substantive cases cited in Plaintiffs' motion are either materially distinguishable from this case and taken out of context, or they actually

---

[3] In fact, as the screenshots in the complaints show, the sign-up form on the website is inherently designed to be filled out either for the person visiting the site ("myself"), or someone else ("someone I care for"). These screenshots plainly show that such a selection is ***not*** transmitted to third parties. (*See*, Order at 5).

undermine Plaintiffs' position.[4] Further, Plaintiffs' specific attempts to distinguish the facts in *Hammerling v. Google, LLC*, 615 F.Supp.3d 1069 (N.D. Cal. 2022) and *Smith v. Facebook*, 745 Fed. App'x 8 (9th Cir. 2018) are misplaced and unpersuasive. Plaintiffs claim that *Hammerling* is inapposite because in that case, according to Plaintiffs, there was no information from which Google could have inferred contents of the plaintiffs' communications, whereas here the website tools allowed Meta to make such an inference. (*See* Mot. at 4). Plaintiffs' argument creates a distinction without a difference. Just as in *Hammerling*, the Court here found that the use of a feature does not necessarily reveal the actual information input by the user. This Court's reasoning mirrors *Hammerling* where the court found that Google's receipt of data showing that a user used a mobile application designed for a specific purpose is not sufficient to constitute "contents" of a

---

[4] *See Vasquez v. Ind. Univ. Health, Inc.*, 40 F.4th 582 (7th Cir. 2022) (reversing dismissal of antitrust claim where geographic market definition was a complex economic question requiring expert testimony unavailable at the pleading stage, unlike here, where the court analyzed plaintiffs' own complaint exhibits showing only generic metadata labels); *L.B. v. LinkedIn Corp.*, No. 25-cv-00501, 2025 U.S. Dist. LEXIS 193980 (N.D. Cal. Sept. 30, 2025) (*amended and superseded Oct. 10, 2025*) (declining to dismiss claims involving actual healthcare providers (a fertility clinic, urgent care facility, and mental health therapy platform) where users disclosed specific medical conditions and treatment sought, unlike Abbott's consumer product marketing website where users browsed information without entering a patient-provider relationship); *Manza v. Pesi, Inc.*, 784 F. Supp. 3d 1110 (W.D. Wis. 2025) (denying dismissal of VPPA claim where defendant's tracking technology transmitted specific video titles of healthcare seminars alongside unique identifiers); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (allowing antitrust conspiracy claim to proceed to discovery based on circumstantial evidence where"[d]iscovery may reveal the smoking gun"—unlike here, where Plaintiffs' own complaint exhibits provided the factual basis for the Court's determination); *Gershzon v. Meta Platforms, Inc.*, No. 22-cv-03513, 2023 U.S. Dist. LEXIS 147448 (N.D. Cal. Aug. 22, 2023) (denying dismissal where the California DMV website transmitted descriptive URLs that *on their face* revealed the user's specific disability—including that plaintiff applied for a disabled parking placard—a far more specific disclosure than the generic "SubscribedButtonClick" and "Form Field Completion" labels shown in plaintiffs' complaint exhibits here); *Byrne v. United States*, No. 01 C 3420, 2002 U.S. Dist. LEXIS 4658 (N.D. Ill. Mar. 20, 2002) (denying summary judgment in a wholly inapposite premises liability case where factual disputes existed regarding notice of a dangerous condition.).

communication, even if the application was designed for a specific purpose. *See Hammerling*, 615 F. Supp. 3d at 1093.[5]

Similarly, Plaintiffs argue that the Court incorrectly cited to *Smith* in reasoning that clicking the "Start Free Trial" button is too tenuous to support an inference that Abbott violated HIPAA. *See* Mot. at 4. But Plaintiffs curiously leave out the remainder of the quotation cited by the Court and the surrounding context. This Court cited *Smith* in support of its finding that there is a difference between receiving browsing data from a publicly available website and a user's personal medical history. *See* Order at 12, n. 4. Thus, this Court found that Plaintiffs' screenshots included in the Complaint directly undermined allegations that Abbott disclosed to Meta their status as medical patients, the contents of their communications with Abbotts' website, and information about their specific medical conditions and treatments." *Id.* Plaintiffs' attempt to misdirect from the Court's fundamental finding should be disregarded.

Moreover, given that *Hammerling* and *Google* are not binding Seventh Circuit cases, Plaintiffs fail to identify any controlling precedent that the Court disregarded, misapplied, or failed to recognize, as necessary to warrant reconsideration. *See Oto*, 224 F.3d at 606 (noting reconsideration under Rule 59(e) requires "wholesale disregard, misapplication, or failure to recognize controlling precedent.")

### E. Plaintiffs Should Not Be Afforded Another Bite at the Apple Through Reconsideration.

Plaintiffs again insist that their allegations are plausible by improperly rehashing arguments from their Opposition to Abbott's Motion to Dismiss (Dkt. 40) ("Opposition" or "Opp."). *See*

---

[5] Notably, the *Hammerling* court found that even if Google received "activity data regarding the duration and frequency [of[ a user's use of a fertility tracker app," and could infer that the user is female and has the ability to get pregnant, such an inference is still too limited to constitute transmission of "contents."

*Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) ("a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments, [] which is precisely what Alex has done here by simply incorporating his arguments regarding the dismissal of his original claim") (citation omitted). Specifically, Plaintiffs attempt to re-litigate the issue of whether the information allegedly disclosed to third parties is health information sufficient to constitute "contents" of communications. *Compare* Mot. at 4-5. (arguing Figures 5-6 demonstrate disclosure of Plaintiffs' health information) with Opp. at 8 (same). This argument was already addressed and rejected in the Court's Order and may not be challenged again under Rule 59(e) simply because Plaintiffs disagree. *See supra* at 3-4*; Tri-State Disposal, Inc. v. Vill. of Riverdale*, No. 18 C 2138, 2023 WL 3080186, at *3 (N.D. Ill. Mar. 23, 2023) ("Although [defendant] disagrees with the Court's analysis, the Court again does not find such disagreement a proper basis for reconsideration.").

Plaintiffs have failed to offer any remotely-sufficient basis for the "extraordinary relief" of reconsideration under Rule 59(e). Further litigation on the repeatedly-decided issues constitutes a drain on judicial resources. As the Northern District of Illinois has noted, "there are limits on how many times a district court can look at the same issue in the same case. Judicial resources don't grow on trees." *See Stein v. Edward-Elmhurst Health*, No. 23-cv-14515, 2026 WL 594752, at *2 (N.D.Ill. Mar. 3, 2026) (Seeger, J.) (denying motion for reconsideration). The Court has properly considered Plaintiffs' allegations and arguments, in some instances more than once, and there is no need to revisit through reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Abbott respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration and grant any other relief this Court deems just and proper.

Dated: April 20, 2026 *<u>/s/ William F. Farley</u>*

William F. Farley (6305896)
Timothy Ray (6230099)
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
(312) 928-6024
william.farley@hklaw.com

Mark S. Melodia (admitted *pro hac vice*)
Sophie L. Kletzien (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
(212) 513-3583
mark.melodia@hklaw.com
sophie.kletzien@hklaw.com

Ashely L. Shively (264912)
HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
(415) 743-6906
ashley.shively@hklaw.com

Caitlin F. Saladrigas (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
777 South Flagler Drive,
Suite 1900, West Tower
West Palm Beach, FL 33401
(561) 650-8349
caitlin.saladrigas@hklaw.com

*Counsel for Defendant*
*Abbott Laboratories, Inc.*