**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILY NGUYEN, EMZORA MITCHELL, AND FRANK ORTEGA, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>*Defendant*. | Case No. 1:24-cv-8289<br><br>Judge Manish S. Shah |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Contrary to the arguments advanced by Defendant Abbott in its Opposition Motion (ECF No. 49, "Opposition" or "Opp."), in arguing for reconsideration Plaintiffs' relies exclusively on the information they allege that Abbott disclosed to Facebook, both in the Plaintiffs' allegations and the screenshots. *See* ECF No. 47 ("Motion" or "Mot."). Specifically, Plaintiffs argued, respectfully, that the Court committed clear error because where, like here, Plaintiffs' allegations rest upon even a *plausible* inference, the final determination should be reserved for the finder of fact. *See* Order at 12, n. 4; FAC ¶¶ 111-113 (exhibits 5-6); Mot. at 4. As Plaintiffs allege, the information that Abbott disclosed to third parties, including Facebook, contained information that allowed those third parties to determine Plaintiffs' protected health information ("PHI") – specifically that Plaintiffs suffered from diabetes.

Defendant, in its Opposition, instead focuses on everything except the allegations that are central to Plaintiffs' Motion, claiming the Court's "two-tiered" analysis confirms that the Court applied the correct pleading standard. *See* Opp. at 3-4. However, Defendant not only ignores the

information that Plaintiffs allege Abbott disclosed to Facebook and the fact that Plaintiffs correctly identify those allegations in arguing for reconsideration, but it also never directly addresses Plaintiffs' central argument: that the Court should have allowed the case to proceed to discovery after finding it was feasible for a third party to determine Plaintiffs' medical condition from the disclosed information.

For these reasons, more fully explained below, Plaintiffs respectfully request that the Court reconsider its Order, grant Plaintiffs' Motion, and deny Defendant's motion to dismiss so that a fact finder may determine the strength of the inference after having the benefit of fact discovery.

## ARGUMENT

As Plaintiffs state in their Motion, reconsideration is appropriate because, having correctly found that Facebook and Google "might infer plaintiffs' medical history or conditions from the fact that they subscribed to a free trial of the MyFreeStyle Program" (Order at 12 n.4, 15), the Court improperly "substitut[ed] its own speculations" about whether the Plaintiffs' "story is probable" rather than "accept all well-pleaded facts as true and draw all reasonable inferences in [Plaintiffs'] favor" in "assessing only its plausibility." *Vasquez v. Ind. Univ. Health, Inc.*, 40 F.4th 582, 583 (7th Cir. 2022). As the Seventh Circuit has established, the Court "need not decide whether [Plaintiffs'] story is probable; [the Court is] only assessing its plausibility." *Id.*

Defendant, in its Opposition, fails to address Plaintiffs' grounds for reconsideration, instead arguing incorrectly that "Plaintiffs' motion conspicuously ignores the Court's two-tiered analysis." Opp. at 4. However, Plaintiffs' grounds for reconsideration rest solely on the information disclosed by Abbott to Facebook and other third parties. As the Motion explains, Plaintiffs allege specific disclosures made to Facebook by Abbott, including that Plaintiffs (a) affirmatively clicked a button on the Website to start a "Free Trial" of the "FreeStyle Libre Continuous Glucose Monitoring" product, (b) submitted the form to get their Continuous Glucose

Monitoring device, and (c) printed a voucher to obtain a Freestyle Libre 3 sensor. *See* FAC ¶ 111, 114, & 124. Plaintiffs also allege that they began receiving targeted advertisements on Facebook and Instagram related to diabetes monitoring and management soon after taking these steps, including ads for FreeStyle Libre products which, taking such allegations as true, establishes that Plaintiffs' allegations that Facebook was able to infer that Plaintiffs suffer from diabetes are, at the very least, plausible. *See* FAC ¶¶ 212, 235, & 258. Indeed, contrary to Abbott's assertions, the fact that "medical history inferences led to targeted advertising" necessarily means that medical information was disclosed. *See* Opp. at 5.

Abbott's interpretation of the relevant caselaw is likewise misguided. First, although Defendant argues that *Fed. Trade Commission v. Walmart Inc.*, WL 5054916 (N.D. Ill. Oct. 18, 2024) ("*Walmart*") supports its argument that the Court "applied the proper pleading standard," this argument fails to grasp the grounds upon which Plaintiffs move for reconsideration. Opp. at 3. The claims in *Walmart* required the FTC to meet the pleading requirements of Rule 9(b) to demonstrate knowledge, even if knowledge can be alleged generally. *See Walmart*, WL 5054916 at *1 (finding that the FTC failed to plead knowledge as required under Rule 9(b)).

Here, in contrast, Plaintiffs' claims are governed by Rule 8, which requires the Court, when assessing the plausibility of Plaintiffs' allegations—that the information Abbott disclosed to Facebook revealed Plaintiffs' PHI—to simply ask itself "*could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original) ("For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences.").

Abbott also misunderstands Plaintiffs' arguments regarding *Hammerling* and *Smith*. *See* Opp. at 7-8. First, Abbott notes that the *Hammerling* court "found that even if Google received 'activity data regarding the duration and frequency [of] a user's use of a fertility tracker app,' and could infer that the user is female and has the ability to get pregnant, such an inference is still too limited to constitute transmission of 'contents.'" However, this is precisely Plaintiffs' point. The *Hammerling* court did not conclude that any claim relying on a reasonable inference must fail, but rather that the information pled by the *Hammerling* plaintiffs could not even plausibly result in the inference of plaintiffs' PHI. *Hammerling*, 615 F. Supp. 3d at 1093. Indeed, *Hammerling* favorably cites to other cases concluding that reasonable inferences made from information in a data transmission do constitute the contents of that transmission. *Id*. For example, in *Wesch v. Yodlee, Inc*., the court found that the plaintiffs' "bank transaction histories constituted 'contents' because they revealed personal details of the plaintiffs' lives and expenditures." *Id.* (citing *Wesch*, 2021 U.S. Dist. LEXIS 74545, at *4 (N.D. Cal. Feb. 16, 2021)). Likewise, in *In re Vizio, Inc*., the court concluded that determination of whether the plaintiff's television viewing histories were ascertainable based on transmission of small samples of the images displayed on their televisions "reaches well beyond the allegations in" the complaint and thus could not be resolved through a motion to dismiss. *In re Vizio, Inc.*, 2017 U.S. Dist. LEXIS 224572, at *31 (C.D. Cal. July 25, 2017). As Plaintiffs explain above and in the Motion, the information disclosed by Abbott to Facebook is more than capable of supporting an inference that the Plaintiffs' suffered from diabetes. Plaintiffs' allegations raise genuine disputes of material fact that warrant resolution through discovery and adjudication by a fact finder.

Abbott likewise misreads *Smith v. Facebook, Inc*. 745 Fed. App'x 8 (9th Cir. 2018). *See* Opp. at 4-5. In *Smith*, the plaintiffs only alleged disclosure of their "browsing histories" on a public

medical website. *See* 745 Fed. App'x at 9. Plaintiffs here allege much more, including that they printed a voucher for a glucose monitoring device and submitted a form to use the glucose monitoring device program. *See* FAC at ¶¶ 111-113. Courts applying *Smith* regularly draw this distinction. For example, in *Castillo v. Costco Wholesale Corp.*, 2024 U.S. Dist. LEXIS 207197, at *23-24 (W.D. Wash. Nov. 14, 2024), the court concluded that the plaintiffs had properly alleged a violation of HIPAA because they alleged disclosure of their searches for "specific prescription drugs" rather than "general medical information." *Id*. Indeed, the Court noted, "'[a]n internet user might research medical information for reasons unrelated to the user's own health conditions. But an internet user is very unlikely to purchase [specific medical products] for reasons unrelated to the user's own health conditions.'" *Id*. (quoting *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 893 (C.D. Cal. 2024)). In *Walgreen*, the court found that the defendant's disclosure of the fact that plaintiffs placed certain products in their online shopping carts was enough to state a HIPAA violation sufficient to satisfy the crime-tort exception, even though the plaintiffs did not allege that they "submitted any personal health data to Walgreens" or that they were "signed into any type of private portal." 733 F. Supp. 3d at 891.

Here, Plaintiffs' allegations that they (a) visited a website that only provides a device that treats diabetes, (b) printed a voucher to receive that device, and (c) submitted a form to begin a program to use that device to treat their diabetes, and that these actions were disclosed to third parties without Plaintiffs' consent, are sufficient to state a claim for violations of the Electronic Communications Privacy Act, 18 U.S.C. 2111(1), *et seq.* ("ECPA") and California's Invasion of Privacy Act, Cal. Penal Code Section 630, *et seq.* ("CIPA").

It is not surprising that Abbott claims Plaintiffs are "rehashing" the arguments from their Opposition to the Motion to Dismiss (Opp. at 8), but Abbott never directly addresses the true

grounds for Plaintiffs' Motion. As the Motion makes clear, the Court made a factual determination regarding Facebook's ability to infer that Plaintiffs had diabetes from the information Abbott disclosed. The advertisements that Plaintiffs allege they received as a result of Abbott's disclosures are more than sufficient to establish that Facebook did make this inference. Plaintiffs only ask that a fact finder be given the opportunity to make that determination with the benefit of discovery.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court reconsider and amend its Order granting Defendant's Motion to Dismiss.

Date: May 4, 2026

Respectfully Submitted,

/s/ *Matthew J. Langley*
Matthew J. Langley (ARDC No. 6337129)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
T: (773) 554-9354
matt@almeidalawgroup.com

Sonjay Singh (*pro hac vice*)
Tyler Bean (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
T: 929-677-5144
ssingh@sirillp.com
tbean@sirillp.com

*Attorneys for Plaintiffs & the Putative Classes*

## CERTIFICATE OF SERVICE

I, Matthew J. Langley, hereby certify that on May 4, 2026, I filed the attached with the Clerk of the Court using the Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ Matthew J. Langley*
Matthew J. Langley