**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILY NGUYEN, EMZORA MITCHELL, and FRANK ORTEGA, | |
| Plaintiffs, | No. 24 CV 8289 |
| v. | Judge Manish S. Shah |
| ABBOTT LABORATORIES, INC., | |
| Defendant. | |

## ORDER

Plaintiffs' motion for reconsideration, [47], is denied.

## STATEMENT

In an earlier order, I granted Abbott's motion to dismiss plaintiffs' first amended complaint. Plaintiffs now move for reconsideration under Federal Rule of Civil Procedure 59(e). For the reasons discussed below, the motion is denied.

Under Federal Rule of Civil Procedure 59(e), a party may move to amend or alter a judgment. Relief under Rule 59(e) is an extraordinary remedy "reserved for the exceptional case." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)). Such relief is appropriate only when a moving party clearly establishes that the court committed a manifest error—factual or legal—or that newly discovered evidence precluded entry of judgment. *Id.* A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

I assume familiarity with the earlier order and opinion granting defendant's motion to dismiss, as well as with the underlying facts of this case. [45].[1] Plaintiffs argue that I erred by speculating about whether their story was probable rather than assessing only its plausibility. [47] at 3. Specifically, plaintiffs challenge my

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing.

conclusion that submitting certain forms or clicking certain buttons on defendant's website was too tenuous to support an inference that Abbott violated HIPAA. [47] at 5.

The test for whether to dismiss a complaint at the motion to dismiss stage turns on the complaint's plausibility. [47] at 6 (citing *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 628–29 (7th Cir. 2010)). But courts need not ignore facts set forth in the complaint that undermine the plaintiff's claim. *See Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). Here, plaintiffs allege that their HIPAA-protected information was captured and disclosed to third parties. But the screenshots incorporated into the complaint preclude a plausible allegation of unlawful disclosure. *See* [45] at 11 (distinguishing between the information that plaintiffs communicated to Abbott's website and the information that was transmitted through third-party tracking tools).

Plaintiffs' non-binding authority is not inconsistent with my conclusion in this case. In *Gershzon v. Meta Platforms, Inc.*, for example, the expansive definition of "personal information" under the Driver's Privacy Protection Act was relevant to its finding that the plaintiff had disclosed protected personal information. 2023 WL 5420234, at *6–7 (N.D. Cal. Aug. 22, 2023). But *Gershzon* is distinguishable from the present case because the plaintiff plausibly alleged—and the record did not contradict—that the collected personal information was the same information that was actually disclosed to the third party.[2] Here, as I explained in my earlier opinion, there is a mismatch between the information that plaintiffs allegedly disclosed to Abbott and the information that was disclosed (or, more importantly, not disclosed) to third parties.

Plaintiffs also disagree with my analysis of two cases referenced in the earlier opinion: *Hammerling v. Google LLC*, 615 F.Supp.3d 1069 (N.D. Cal. 2022), and *Smith v. Facebook, Inc.*, 745 Fed. App'x 8 (9th Cir. 2018). According to plaintiffs, unlike here, those cases did not include information from which the third parties could infer the content of plaintiffs' communications. [47] at 4–5. Yet the court in *Hammerling* explained that while Google might infer a user's traits from her use of a particular website, "the extent of that inference is limited" because Google cannot read the specific information that a user inputs. 615 F.Supp.3d at 1093. The fact that Google could infer that a user was female and had the ability to get pregnant is similar to a

[2] Plaintiffs' comparison to *L.B. v. LinkedIn Corp.* is similarly unpersuasive. In *L.B.*, the defendants moved to dismiss on the grounds that the plaintiffs had consented to LinkedIn collecting their data from third-party websites. 2025 WL 2899514, at *4 (N.D. Cal. Oct. 10, 2025). The "middle of the spectrum" language that plaintiffs quote in their reconsideration motion refers to "sign-in wrap agreements," whereby a user agrees to certain terms of service by clicking on a button. *Id.* at *9. Abbott's motion to dismiss, by contrast, implicated whether it had *disclosed* protected personal information to third parties and not whether plaintiffs had *consented* to such disclosure.

third party being able to infer that a user or someone they know is monitoring their glucose. *See id.*

The inferences available to Google and Meta in the instant case are neither concrete nor detailed. Such information does not "unequivocally provide[] a window into an individual's personal medical history." *Smith*, 745 Fed. App'x at 9. Whether it was plausible for Google or Meta to have inferred that plaintiffs were suffering from and treating their diabetes is not the correct standard. The tracking tools do not collect information from which the third parties can determine that a user actually has diabetes.

In any event, plaintiff already had the opportunity to brief and argue this point in their original response brief. There are limits on how many times a court can look at the same issue in the same case. *See Stein v. Edward-Elmhurst Health*, 2026 WL 594752, at *2 (N.D. Ill. Mar. 3, 2026). The fact that plaintiffs disagree with my conclusion on the plausibility of their allegations does not establish manifest error. Because plaintiffs have failed to show exceptional circumstances to warrant Rule 59 relief, the motion for reconsideration, [47], is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: June 1, 2026